## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DEBORAH THOMAS, | : | Case No. 1:22-cv-59 |
|     Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| TARGET CORPORATION, | : | |
| XYZ CO., DOE CORPORATIONS | : | |
| NOS. 1, 2, and 3, and JOHN DOE | : | |
| NOS. 1, 2 and 3, | : | |
|     Defendant. | : | |

### NOTICE OF REMOVAL

**TO: The Chief Judge and Judges of the United States District Court for the District of Rhode Island**

The Defendant, Target Corporation ("Defendant"), hereby files this Notice of Removal of the above-captioned matter from the Providence County Superior Court, State of Rhode Island, to the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 of the United States Code. In support of its Notice of Removal, the Defendant states as follows:

### INTRODUCTION

1. The Defendant removes this case on the basis of diversity jurisdiction, on the grounds that there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1)("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

## BACKGROUND

2. The Plaintiff, Deborah Thomas ("Plaintiff"), filed a Complaint in the Providence County Superior Court on January 13, 2022, naming Target Corporation as the only Defendant. *See* Complaint (attached as *Exhibit A*).

3. The Plaintiff alleges that, on September 10, 2019, she suffered a fall at the Defendant's retail store located at 371 Putnam Pike in Smithfield, Rhode Island, as a result of the negligence of the Defendant. She alleges that she sustained personal injuries, was physically and mentally impaired, both temporarily and permanently, expended and will continue to expend monies for her treatment, and was unable to perform her usual daily activities. *See Exhibit A*.

## TIMELINESS OF REMOVAL

4. The Defendant was served with the Summons and Complaint on January 18, 2022. This Notice of Removal is timely because it is filed within thirty (30) days of the Defendant's receipt of the Summons and Complaint in this matter. 28 U.S.C. § 1446(b)(2)(B) and (C); *Murphy Bros.v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## DIVERSITY OF CITIZENSHIP

5. Complete diversity of citizenship exists because the Plaintiff and the Defendant are citizens of different states. 28 U.S.C. § 1332(a).

6. The Plaintiff alleges in the Complaint that she is a resident of the Town of North Providence, State of Rhode Island. Thus, for purposes of determining whether diversity jurisdiction exists, the Plaintiff is a citizen of Rhode Island.

7. The Defendant is a corporation organized under the laws of Minnesota with its principal place of business also located in Minnesota. Thus, for purposes of determining whether diversity jurisdiction exists, the Defendant is a citizen of Minnesota.

## **AMOUNT IN CONTROVERSY**

8. Based on the Plaintiff's allegations, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

9. The Plaintiff claims that she sustained personal injuries, physically and mentally impaired, both temporarily and permanently, expended and will continue to expend monies for her treatment, and was unable to perform her usual daily activities. *Exhibit A* at ¶ 12.

10. Specifically, the Plaintiff, through her representatives, has stated that she suffered a fracture of her knee, requiring transport by ambulance to a local hospital, surgery and physical therapy.

11. Where the Plaintiff has not pled a specific amount of damages, the amount in controversy requirement is satisfied when the Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000 based on the seriousness of the Plaintiff's claimed injuries and damages. 28 U.S.C. § 1446(c)(2)(B). The Court is not bound by the Plaintiff's representations regarding her claim and may use its own judicial experience and common sense in making this determination and can make reasonable deductions and inferences from the pleadings to determine whether removal is proper. *Gabrielle v. Allegro Resorts Hotels*, 201 F. Supp. 62, 65-66 (D.R.I. 2002) (holding amount in controversy was satisfied based on the complaint's description of the

plaintiff's injuries and medical treatment, despite the lack of any specific information about the cost of such treatment).

12. The types of damages considered as part of the amount in controversy are those permitted by the state-law cause of action alleged in the Plaintiff's Complaint. *Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 42 (1st Cir. 2012); *Gabrielle*, 210 F. Supp. 2d at 65 (holding amount in controversy depends on amount that plaintiff may recover). Here, the Plaintiff's Complaint does not contain an *ad damnum* or claim for any monetary amount. However, she alleges that she sustained personal injuries, was physically and mentally impaired, both temporarily and permanently, expended and will continue to expend monies for her treatment, and was unable to perform her usual daily activities. *Exhibit A* at ¶12. Additionally, outside of the Complaint, the Plaintiff has represented that she suffered a fractured knee, requiring hospitalization, surgery and physical therapy. The jury in this case will be asked to value not only the Plaintiff's alleged medical expenses, but also her pain and suffering, any permanent nature of her alleged injuries, and the impact the alleged injuries have had on her life and activities.

## VENUE

13. This action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the District of Rhode Island embraces the place (Providence County, Rhode Island) where the state action is now pending and the place (Smithfield, Rhode Island) where the Plaintiff's claims and injuries are alleged to have occurred.

4

## NOTICE OF REMOVAL

14.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal was filed with the Clerk of the Providence County Superior Court and served on counsel of record for the Plaintiff (A copy of the Notice of Removal filed with the Clerk of the Providence County Superior Court is attached hereto as *Exhibit B*).

## STATE COURT RECORD

15.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon the Defendant, including the docket sheet and all documents filed in this case, are attached hereto as *Exhibit C*.

WHEREFORE, the Defendant, Target Corporation, requests that this action be removed from the Providence County Superior Court, State of Rhode Island, to the United States District Court for the District of Rhode Island.

Respectfully submitted,
**THE DEFENDANT,**
**TARGET CORPORATION**
By its attorneys,

/s/ Gino Spinelli
Gino Spinelli (#9320)
**DAVIDS & COHEN, P.C.**
40 Washington Street, Suite 20
Wellesley, MA 02481
P: (781) 416-5055
F: (781) 416-4344
gspinelli@davids-cohen.com

Dated: February 4, 2022

## **CERTIFICATE OF SERVICE**

     I, Gino Spinelli, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 4, 2022.

                                                                /s/ Gino Spinelli  
                                                                Gino Spinelli