# EXHIBIT A

Case Number: PC-2022-00257
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 3:38 PM
Envelope: 3446061
Reviewer: Victoria H

Case 1:22-cv-00059-MSM-LDA   Document 1-1   Filed 02/04/22   Page 2 of 9 PageID #: 8

STATE OF RHODE ISLAND                        SUPERIOR COURT
PROVIDENCE COUNTY

DEBORAH THOMAS

VS.                                                            C.A. NO.: PC-2022-

TARGET CORPORATION,
XYZ CO., DOE CORPORATIONS
NOS. 1, 2 and 3., and JOHN DOE
NOS. 1, 2 and 3.

## COMPLAINT

1. Plaintiff, Deborah Thomas, is a resident of the Town of North Providence, State of Rhode Island.

2. Upon information and belief, Defendant, Target Corporation, is a foreign corporation authorized to operate in the state of Rhode Island with a store location at 371 Putnam Pike, Smithfield, Rhode Island.

3. Upon information and belief, Defendant, XYZ Co., was, and now is, a company organized and existing under the laws of the State of Rhode Island, and now is, and at all times hereafter mentioned were the owners of the property located at 371 Putnam Pike, Smithfield, Rhode Island and/ or responsible for the maintenance and/or upkeep and/or cleaning of the floors at the Target store location of 371 Putnam Pike, Smithfield, Rhode Island

4. Upon information and belief, Doe Corporations Nos. 1, 2, and 3, was and now is a business organized and existing under the laws of the State of Rhode Island, and now is, and at all times hereafter mentioned was a business responsible for the maintenance and/or upkeep and/or cleaning of the floors at the Target store location of 371 Putnam Pike, Smithfield, Rhode Island.

5. Upon information and belief, Defendant, John Doe Nos 1, 2 and 3 was, and now is, an individual and/ or individuals, and at all times hereafter mentioned the owner and/or owners of the property located at 371 Putnam Pike, Smithfield, Rhode Island and/ or responsible for the maintenance and/or upkeep and/or cleaning of the floors at the Target store location of 371 Putnam Pike, Smithfield, Rhode Island

Case Number: PC-2022-00257
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 3:38 PM
Envelope: 3446061
Reviewer: Victoria H

Case 1:22-cv-00059-MSM-LDA   Document 1-1   Filed 02/04/22   Page 3 of 9 PageID #: 9

## Count I
## Negligence Target Corporation

6. On or about the 10th day of September, 2019, the Defendant, its agents, servants and/or employees, were in possession of, and/or had control of and/or were owners of certain premises located at 371 Putnam Pike, Smithfield, Rhode Island.

7. Plaintiff, Deborah Thomas, avers that on or about September 10, 2019, she was lawfully on the premises aforementioned. Plaintiff further avers that thereupon it became and was the duty of the Defendant by and through its agents, servants and/or employees, to exercise all due care and caution for the safety of the Plaintiff.

8. Plaintiff, Deborah Thomas, avers that while she was lawfully on the aforementioned property, the Defendant by and through its agents, servants and/or employees, unmindful of its duty, negligently allowed liquid to exist on the floor.

9. Plaintiff avers that the aforementioned condition was a hazardous condition of which the Defendant knew, or in the exercise of due care, should have known.

10. At all times pertinent hereto, Plaintiff was in the exercise of due care.

11. As a direct and proximate result of the negligence of the Defendant, its agents, servants and/or employees, the Plaintiff, Deborah Thomas, fell.

12. As a further direct and proximate result of the negligence of the Defendant, its agents, servants and/or employees, the Plaintiff, was physically and mentally impaired, both temporarily and permanently, did expend and will continue to expend monies for her treatment, and was unable to perform her usual daily activities.

13. The amount in controversy is sufficient to establish the jurisdiction of this Superior Court.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally in an amount sufficient to satisfy the jurisdictional requirements of this Honorable Court together with costs and whatever further relief this Court deems just.

Case Number: PC-2022-00257
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 3:38 PM
Envelope: 3446061
Reviewer: Victoria H

Case 1:22-cv-00059-MSM-LDA   Document 1-1   Filed 02/04/22   Page 4 of 9 PageID #: 10

## Count II
## Respondeat Superior as to Target Corporation

14. Plaintiff reiterates and incorporates by reference herein each allegation set forth in paragraphs 1 through 13.

15. At all material times the staff was employed by and were agents, servants and employees of Defendant Target Corporation.

16. The above-described acts of the staff and other employees were committed within the scope of employment in that they were committed while on duty and in furtherance of Defendant Target Corporation.

17. As the employers of staff and other employees, Target Corporation is responsible for all of the negligent acts committed by these employees within the scope of employment.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally in an amount sufficient to satisfy the jurisdictional requirements of this Honorable Court together with costs and whatever further relief this Court deems just.

## Count III
## Negligence XYZ Co.

18. Plaintiff reiterates and incorporates by reference herein each allegation set forth in paragraphs 1 through 17.

19. On or about the 10th day of September, 2019, the Defendant, its agents, servants and/or employees, were owners of property located at 371 Putnam Pike, Smithfield, Rhode Island and/ or responsible for the maintenance and/or upkeep and/or cleaning of the floors at the Target store location of 371 Putnam Pike, Smithfield, Rhode Island

20. Plaintiff, Deborah Thomas, avers that on or about September 10, 2019, she was lawfully on the premises aforementioned. Plaintiff further avers that thereupon it became and was the duty of the Defendant by and through its agents, servants and/or employees, to exercise all due care and caution for the safety of the Plaintiff.

21. Plaintiff, Deborah Ferrucci, avers that while she was lawfully on the aforementioned property, the Defendant by and through its agents, servants

Case Number: PC-2022-00257
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 3:38 PM
Envelope: 3446061
Reviewer: Victoria H

Case 1:22-cv-00059-MSM-LDA   Document 1-1   Filed 02/04/22   Page 5 of 9 PageID #: 11

      and/or employees, unmindful of its duty, negligently allowed liquid to exist on the floor.

22. Plaintiff avers that the aforementioned condition was a hazardous condition of which the Defendant knew, or in the exercise of due care, should have known.

23. At all times pertinent hereto, Plaintiff was in the exercise of due care.

24. As a direct and proximate result of the negligence of the Defendant, its agents, servants and/or employees, the Plaintiff, Deborah Thomas, fell.

25. As a further direct and proximate result of the negligence of the Defendant, its agents, servants and/or employees, the Plaintiff, was physically and mentally impaired, both temporarily and permanently, did expend and will continue to expend monies for her treatment, and was unable to perform her usual daily activities.

26. The amount in controversy is sufficient to establish the jurisdiction of this Superior Court.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally in an amount sufficient to satisfy the jurisdictional requirements of this Honorable Court together with costs and whatever further relief this Court deems just.

## Count IV
## Respondeat Superior as to XYZ Co.

27. Plaintiff reiterates and incorporates by reference herein each allegation set forth in paragraphs 1 through 26.

28. At all material times the staff was employed by and were agents, servants, and employees of Defendant XYZ Co.

29. The above-described acts of the staff and other employees were committed within the scope of employment in that they were committed while on duty and in furtherance of Defendant XYZ Co.

30. As the employers of staff and other employees, Defendant XYZ Co. is responsible for all of the negligent acts committed by these employees within the scope of employment.

Case Number: PC-2022-00257
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 3:38 PM
Envelope: 3446061
Reviewer: Victoria H

Case 1:22-cv-00059-MSM-LDA   Document 1-1   Filed 02/04/22   Page 6 of 9 PageID #: 12

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally in an amount sufficient to satisfy the jurisdictional requirements of this Honorable Court together with costs and whatever further relief this Court deems just.

## Count V
## Negligence Doe Corporations Nos 1, 2 and 3

31. Plaintiff reiterates and incorporates by reference herein each allegation set forth in paragraphs 1 through 30.

32. On or about the 10th day of September, 2019, the Defendant, its agents, servants and/or employees, were responsible for maintenance and/or upkeep and/or cleaning of the Target store located at 371 Putnam Pike, Smithfield, Rhode Island.

33. Plaintiff, Deborah Thomas, avers that on or about September 10, 2019, she was lawfully on the premises aforementioned. Plaintiff further avers that thereupon it became and was the duty of the Defendant by and through its agents, servants and/or employees, to exercise all due care and caution for the safety of the Plaintiff.

34. Plaintiff, Deborah Thomas, avers that while she was lawfully on the aforementioned property, the Defendant by and through its agents, servants and/or employees, unmindful of its duty, negligently allowed liquid to exist on the floor.

35. Plaintiff avers that the aforementioned condition was a hazardous condition of which the Defendant knew, or in the exercise of due care, should have known.

36. At all times pertinent hereto, Plaintiff was in the exercise of due care.

37. As a direct and proximate result of the negligence of the Defendant, its agents, servants and/or employees, the Plaintiff, Deborah Thomas, fell.

38. As a further direct and proximate result of the negligence of the Defendant, its agents, servants and/or employees, the Plaintiff, was physically and mentally impaired, both temporarily and permanently, did expend and will continue to expend monies for her treatment, and was unable to perform her usual daily activities.

39. The amount in controversy is sufficient to establish the jurisdiction of this Superior Court.

Case Number: PC-2022-00257
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 3:38 PM
Envelope: 3446061
Reviewer: Victoria H

Case 1:22-cv-00059-MSM-LDA   Document 1-1   Filed 02/04/22   Page 7 of 9 PageID #: 13

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally in an amount sufficient to satisfy the jurisdictional requirements of this Honorable Court together with costs and whatever further relief this Court deems just.

## Count VI
### Respondeat Superior as to Doe Corporations Nos. 1, 2 and 3

40. Plaintiff reiterates and incorporates by reference herein each allegation set forth in paragraphs 1 through 38.
41. At all material times the staff was employed by and were agents, servants, and employees of Defendant Doe Corporations Nos. 1, 2 and 3.
42. The above described acts of the staff and other employees were committed within the scope of employment in that they were committed while on duty and in furtherance of Defendant Doe Corporations Nos. 1, 2 and 3.
43. As the employers of staff and other employees, Defendant Doe Corporations Nos. 1, 2 and 3 are responsible for all of the negligent acts committed by these employees within the scope of employment.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally in an amount sufficient to satisfy the jurisdictional requirements of this Honorable Court together with costs and whatever further relief this Court deems just.

## Count VII
### Negligence – John Doe Nos. 1, 2 and 3

44. Plaintiff reiterates and incorporates by reference herein each allegation set forth in paragraphs 1 through 43.
45. On or about the 10th day of September, 2019, the Defendant(s) owned the property located at 371 Putnam Pike, Smithfield, Rhode Island and/ or was an individual and/ or individuals responsible for the maintenance and/or upkeep and/or cleaning of the floors at the Target store location of 371 Putnam Pike, Smithfield, Rhode Island

Case Number: PC-2022-00257
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 3:38 PM
Envelope: 3446061
Reviewer: Victoria H

Case 1:22-cv-00059-MSM-LDA   Document 1-1   Filed 02/04/22   Page 8 of 9 PageID #: 14

46. Plaintiff, Deborah Thomas, avers that on or about September 10, 2019, she was lawfully on the premises aforementioned. Plaintiff further avers that thereupon it became and was the duty of the Defendant(s) to exercise all due care and caution for the safety of the Plaintiff.

47. Plaintiff, Deborah Ferrucci, avers that while she was lawfully on the aforementioned property, the Defendant(s) unmindful of its duty, negligently allowed liquid to exist on the floor.

48. Plaintiff avers that the aforementioned condition was a hazardous condition of which the Defendant knew, or in the exercise of due care, should have known.

49. At all times pertinent hereto, Plaintiff was in the exercise of due care.

50. As a direct and proximate result of the negligence of the Defendant(s), the Plaintiff, Deborah Thomas, fell.

51. As a further direct and proximate result of the negligence of the Defendant, the Plaintiff, was physically and mentally impaired, both temporarily and permanently, did expend and will continue to expend monies for her treatment, and was unable to perform her usual daily activities.

52. The amount in controversy is sufficient to establish the jurisdiction of this Superior Court.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally in an amount sufficient to satisfy the jurisdictional requirements of this Honorable Court together with costs and whatever further relief this Court deems just.

**Plaintiff hereby demands a trial by jury and designates Attorney Mark A. Fay as trial counsel.**

Case Number: PC-2022-00257
Filed in Providence/Bristol County Superior Court
Submitted: 1/13/2022 3:38 PM
Envelope: 3446061
Reviewer: Victoria H

Case 1:22-cv-00059-MSM-LDA   Document 1-1   Filed 02/04/22   Page 9 of 9 PageID #: 15

Plaintiff,
Deborah Thomas,
By Her Attorney,

/s/ Mark A. Fay
Mark A. Fay, Esquire #4208
MURPHY & FAY, LLP
127 Dorrance Street, 2nd Floor
Providence, RI  02903
Tel: 401-490-3200
Fax: 401-490-3207